**Edward L. MCQUEEN, II, Plaintiff–Appellant,**

v.

**EQUINOX INTERNATIONAL CORPORATION, Robb Evans, Receiver, et al., Defendants–Appellees.**

No. 01–4044.

United States Court of Appeals, Sixth Circuit.

June 14, 2002.

Before MARTIN, Chief Circuit Judge; KEITH and KENNEDY, Circuit Judges.

Edward L. McQueen, II, an Ohio resident proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On June 25, 1999, McQueen filed a complaint against Equinox International Corporation and two of its independent contractors, Rebecca Whitman and John Nebel. Because Equinox no longer operates as an active business, Robb Evans, Receiver for Equinox, was substituted as a party defendant in place of Equinox. The complaint alleged that McQueen was employed by Equinox from February 1996 to March 1996, and that during his employment, McQueen was subjected to "discrimination—blackmail—extortion—sexaul [sic] harassement [sic] in a hostile work enviroment [sic]." McQueen indicated in subsequent pleadings that he is an African–American male.

The defendants filed a motion for summary judgment, to which McQueen responded. McQueen also filed a motion for summary judgment, which the defendants moved to strike. A magistrate judge filed a report recommending that the defendants' motion for summary judgment be granted and McQueen's complaint be dismissed because McQueen did not receive a right-to-sue letter from the Equal Employment Opportunity Commission and he was never employed by Equinox. In a second report, the magistrate judge recommended that McQueen's motion for summary judgment be denied and the defendants' motion to strike McQueen's summary judgment

motion be granted. Over McQueen's objections, the district court adopted the magistrate judge's reports and recommendations, granted the defendants' motion for summary judgment, and dismissed the case. McQueen filed a timely appeal.

We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson,* 236 F.3d 342, 346 (6th Cir.2001). Summary judgment is appropriate when the evidence presented shows " 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed.R.Civ.P. 56(c)).

Upon review, we conclude that the district court properly granted summary judgment in favor of the defendants because McQueen failed to present evidence on which a jury could reasonably find in his favor. McQueen failed to establish the existence of an employer-employee relationship between himself and Equinox in order to support his Title VII claim. *See* 42 U.S.C. § 2000e–2; *Fields v. Hallsville Indep. Sch. Dist.,* 906 F.2d 1017, 1020 (5th Cir.1990). There is simply no evidence in the record that McQueen was ever employed by Equinox. Although we have recognized that a non-employer may be liable under Title VII if it interferes with or affects an individual's access to employment opportunities, *Christopher v. Stouder Mem'l Hosp.,* 936 F.2d 870, 874–77 (6th Cir.1991), McQueen presented no evidence upon which a jury could conclude that the defendants interfered with his access to employment opportunities or had any control over his ability to obtain employment. McQueen's own criminal record, not any actions by the defendants, affected his employment opportunities. Thus, McQueen may not maintain an action against Equinox under Title VII.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.